### Thomas Garrett v. The State.

No. 12125.   Delivered January 2, 1929.

The opinion states the case.

*Ballew & King* of Dallas, for appellant.

*Wm. McCraw,* Criminal District Attorney of Dallas County and *A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; punishment fixed at confinement in the penitentiary for a period of not less than five nor more than ninety-nine years.

Reece Miller, the alleged injured party, testified in behalf of the State. The following is, in substance, his testimony: On the 26th day of March, 1928, he was in the employ of Nichols Bros. Auto Rent Company of Dallas. Receiving a call for a taxicab from a certain number in Oak Cliff, he responded in a Dodge Sedan, Motor Bus No. 3780. Two men (the appellant and one Martin), entered the car. Miller was assaulted. The automobile and his coat were taken from him, and he was left bound and gagged in the weeds near the road. In the assault Martin exhibited a pistol while the appellant took Miller's property and bound him. Some two days after the occurrence mentioned, the car, in possession of the appellant and Martin, collided with another car about four miles from Pecos in Reeves County, Texas. On the same day the appellant was arrested by the Sheriff of Reeves County at a point about seven miles from the town of Pecos. Miller's coat was found in his possession, and the automobile was identified as that taken from Miller.

The appellant testified in his own behalf that about eight days prior to his arrest he left St. Louis and came to Texas by "bumming" rides; that he passed through Dallas without stopping there over a period of two hours. He denied any connection with the robbery and the possession of the automobile or the coat.

No bills of exceptions are found in the record. In a motion for new trial the appellant refers to an application for a continuance, and complains of his trial for a capital offense without a special venire. In the motion it is stated that a stranger, who appeared at a filling-

station at Abilene and whose name the appellant did not know, would give testimony to the effect that at the time of the robbery in Dallas, the appellant was in Abilene, Taylor County, Texas. He also claims that his confinement in jail was violative of the constitutional provision by which he was guaranteed the right to compulsory process for witnesses in his favor.

The indictment was filed on April 13th, and the trial took place on the 24th of that month. The motion for new trial was overruled on the 8th of May. The term of court adjourned on the 30th day of June. There were two counts in the indictment. In the first count it was charged that the appellant committed the robbery by assault and by violence and by putting Miller in fear of his life and bodily injury, and also by using and exhibiting firearms. In the second count all the reference to the use of the firearms was omitted, and it appears from the record that the trial was upon the second count which is not a capital offense. The right of the State to abandon the count charging the use of firearms and try the accused on the second count without a special venire is declared in Gonzales' case, 88 Tex. Crim. Rep. 248. It is likewise recognized in Viley's case, 92 Tex. Crim. Rep. 395, though under the peculiar language used the single count in the indictment charged robbery by the exhibition and use of firearms, and it was held that in denying the request of the accused for a special venire, error was committed.

We fail to find any application for a continuance or any bill of exceptions complaining of the failure of the court to grant the motion to continue. To authorize a review of the refusal of the court to grant the motion for a continuance, a bill of exceptions is necessary. Such was the ruling of this court in Nelson's case, 1 Tex. Crim. App. 44, and in all subsequent cases where the question has been presented. Many of them are collated in Branch's Ann. Tex. P. C., Sec. 304.

The statement in the motion for new trial touching the alleged absent witness is not sufficiently specific to demand consideration on appeal, even if it were embodied in a motion to continue supported by a bill of exceptions. Moreover, the averments therein are of a nature which, in the light of the evidence upon the trial, would have warranted the trial court under the discretion vested in him by law in refusing to grant a new trial. On the hearing of the motion for new trial evidence was heard in which it is made manifest that the appellant made no request of the clerk or any officer of the court to issue a subpoena for the absent witness. His claim that he was

denied compulsory process for witnesses in his favor seems wholly unsupported by the record.

The evidence is sufficient to show the guilt of the accused. The punishment is within the discretion of the jury. No error in the record has been pointed out or observed.

The judgment is affirmed.

*Affirmed.*